IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Patrick E. Miller, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:10-cv-41 |
| vs. | ) | |
| | ) | |
| Social Security Administration | ) | |
| Commissioner, Michael J. Astrue, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Patrick Miller (hereinafter "Miller," "plaintiff," or "claimant"), initiated this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and denying his application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c. (Tr. 9-23). Both parties have moved for summary judgment. (Doc. #16, Doc. #19, Doc. #22).

**Summary of Recommendation**

The Administrative Law Judge ("ALJ") failed to properly consider claimant's morbid obesity. This claim should be remanded to the Social Security Administration for further proceedings consistent herewith.

**Background**

Miller protectively filed his applications for disability insurance benefits and supplemental security income on January 3, 2006 under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c. He alleged a disability onset date of February 2, 2005. (Tr. 9). His application was denied initially and on reconsideration. He requested a hearing, which was held on August 26, 2008. Miller appeared with his attorney and testified at the hearing, as did Vocational Expert David Perry. The ALJ issued his decision on December 23, 2008, finding plaintiff was not disabled. (Tr. 9-23). Miller requested review of the ALJ's decision and supplemented the record with additional medical evidence. The Appeals Council considered the additional evidence and denied Miller's request for review, making the decision of the ALJ the Commissioner's final decision. (Tr. 1-3).

Miller was 39 years old at the time of alleged disability onset, 40 years old on the date last insured (December 30, 2007) and 42 years old on the date of hearing. (Tr. 28, 136, 11). He has a high school education (Tr. 215) and his past work history includes a commercial vehicle inspector, bar/restaurant owner, vinyl siding installer and wholesaler. (Tr. 211). Miller alleges he has been disabled since February 2, 2005 due to "obesity, severe obstructive sleep apnea, chronic obstructive pulmonary disease, atherosclerotic heart disease (status post myocardial infarctions and status post stent placements), chronic multi-level degeneration of the lumbar spine (with Subtle asymmetric encroachment of the lateral recess at L5-S1 level), and left rotator cuff syndrome (status post two arthroscopic surgeries)." Plaintiff's Brief in Support of Summary Judgment, Doc. #17, at 2.

## Legal Standard

Upon review of the pleadings and transcript of the record, the court can affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g). To affirm the Commissioner's decision, the court must find that substantial evidence appearing in the record as a whole supports the decision. See id.; Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989). "This standard requires a more searching review than the substantial evidence standard, and [the court will] take into account record evidence that fairly detracts from the ALJ's decision." Tilley v. Astrue, 580 F.3d 675, 679 (8th Cir. 2009) (citing Minor v. Astrue, 574 F.3d 625, 627 (8th Cir. 2009)). The court must "take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory." Minor, 574 F.3d at 627 (citing Wilson v. Sullivan, 886 F.2d 172, 175 (8th Cir. 1989)) (quoting Jackson v. Bowen, 873 F.2d 1111, 1113 (8th Cir. 1998)). See also, Burgess v. Apfel, 141 F.3d 875, 878 (8th Cir. 1998) ("As this court has repeatedly stated, the 'substantial evidence in the record as a whole' standard is not synonymous with the less rigorous 'substantial evidence' standard."); Gavin v. Heckler, 811 F.2d 1195, 1199 (8th Cir. 1987) ("It is not sufficient for the district court to simply say there exists substantial evidence supporting the [Commissioner] and therefore the [Commissioner] must be sustained.").

"In cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council." Bergmann v. Apfel, 207 F.3d 1065, 1068 (8th Cir. 2000) (citations omitted). The court must decide if substantial evidence in the record as a whole, including the new evidence submitted after the hearing, supports the ALJ's decision. Id. (citation omitted). This

requires the court to determine how the ALJ would have weighed the new evidence had it existed at the hearing. Id.

## Discussion

The ALJ employed the familiar five-step test to determine whether Miller was disabled.[1] The ALJ determined plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. (Tr. 12). He found Miller has the following severe impairments: "obesity, severe obstructive sleep apnea, chronic obstructive pulmonary disease, atherosclerotic heart disease (status post myocardial infarctions and status post stent placements), chronic multi-level disc degeneration of the lumbar spine (with subtle asymmetric encroachment of the lateral recess at L5-S1 level), and left rotator cuff syndrome (status post two arthroscopic surgeries)." (Tr. 12). The ALJ found Miller's essential/pulmonary hypertension to be non-severe. (Tr. 12). The ALJ determined Miller did not have an impairment or combination of impairments that would meet or equal a listing impairment, and that there is "no opinion from any treating or examining physician [that] supports a finding of listing-level severity for claimant's impairments or combination of impairments." (Tr. 12). He determined Miller is unable to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy he can perform. (Tr.22).

Plaintiff alleges the ALJ and Appeals Council committed the following errors: failed to properly consider Miller's morbid obesity; failed to consider Miller's fatigue and pain in his

---

[1]The five steps are: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App.1; (4) whether the claimant can return to her past relevant work; and (5) whether the claimant can adjust to other work in the national economy. 20 C.F.R. § 404.1520(a)(5)(i)-(v).

residual functional capacity determination; failed to properly consider Miller's subjective complaints under Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984); and failed to give sufficient weight to Miller's treating physician.

**Morbid Obesity**

The ALJ determined that claimant's obesity was a severe impairment. (Tr. 12). At the time of hearing, claimant testified that he weighed 265 pounds, and is five feet, six inches tall, which the ALJ calculated translates to a body mass index of 42.8; classified as obese. (Tr. 13).

The ALJ recognized his obligation to consider claimant's obesity, stating:

> While the levels of obesity described by the NIH (National Institutes of Health) do not correlate with any specific degree of functional loss, obesity can cause or contribute to impairments in the musculoskeletal, respiratory, and cardiovascular body systems and must be considered to determine if it alone or in combination with other impairments significantly limits an individual's physical or mental ability to do basic work activities (SSR 02-1p).

(Tr. 13).

The court in DeWitt v. Astrue, 381 Fed. Appx. 782, 785, 2010 WL 2181759 (10th Cir. 2010), addressed the ALJ's obligation to consider the effects of the claimant's morbid obesity, stating:

> Social Security Ruling 02-1p requires an ALJ to consider the effects of obesity when assessing RFC, including the fact that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." Titles II & XVI: Evaluation of Obesity, SSR 02-1p, 2000 WL 628049, at 1 (Sept. 12, 2002). Thus, an ALJ may "not make assumptions about the severity or functional effects of obesity combined with other impairments," but rather, must "evaluate each case based on the information in the case record."

Id. at *6 (emphasis added). Similarly, in Norman v. Astrue, 694 F. Supp. 2d 738, 150 Soc. Sec. Rep. Serv. 791 (ND OH 2010) the court remanded for failure of the ALJ to "consider the

5

impact" of claimant's obesity on the record.  Id.  Although there is no "particular mode of analysis," Bledsoe v. Barnhardt, 165 Fed. Appx. 408, 411-12 (6th Cir. 2006), the "ALJ must still 'consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation.'"  Norman, 694 F.Supp. 2d at 741 (quoting Nejat v. Comm'r of Soc. Sec., 359 Fed. Appx. 574, 577, 2009 WL 4981686, at *3 (6th Cir. 2009)).

While the ALJ paid lip service to the need to consider the effects of obesity, his analysis falls far short of the necessary undertaking.  The ALJ's opinion contains no other mention or consideration of the impact claimant's morbid obesity would have on his ability to work, either considered alone or in combination with his other recognized severe impairments.  Simply finding claimant has the residual functional capacity for sedentary work, without properly considering claimant's morbid obesity, leaves a hole in the analysis. Norman, 694 F.Supp. 2d at 741-42 (citing  Priestley v. Astrue, 2009 WL 1457152, at *14 (D.S.C. 2009) ("[T]he ALJ merely claimed he considered Plaintiff's obesity in determining his assessment.  He failed to provide any explanation as to how this severe impairment factored into his assessment.  Given this utter lack of explanation, the Government was not substantially justified in taking the position that the ALJ properly executed his duties with regard to assessing Plaintiff's obesity.").  In Heino v. Astrue, 578 F.3d 873, 881-82 (8th Cir. 2009), the court noted that the ALJ's hypothetical posed to the vocational expert included a recitation of the claimant's  "history of obesity" and the record indicated  "the ALJ considered Heino's obesity when evaluating her claim."  See also Brown ex rel. Williams v. Barnhardt, 388 F.3d 1150, 1153 (8th Cir. 2001) (ALJ's denial of benefits affirmed "because the 'ALJ specifically referred to [the claimant's] obesity in evaluating his claim.'").  There is no such record in this case.

Remand is the appropriate course of action here due to the ALJ's failure to include claimant's obesity in the hypothetical questions to vocational expert David Perry. Morrison v. Apfel, 146 F.3d 625, 628-29 (8th Cir. 1998). In Morrison, the Eighth Circuit reversed the judgment of the district court and remanded the case with directions to remand to the Social Security Administration for further proceedings, stating:

> We also hold that the ALJ erred in failing to mention obesity in the hypothetical questions he posed to James Berglie, the vocational expert. When an ALJ poses hypothetical questions to a vocational expert to determine the availability of other work, the ALJ "must precisely set out all of the claimant's impairments." O'Leary v. Schweiker, 710 F.2d 1334, 1343 (8th Cir. 1983). The ALJ did include Morrison's alleged functional limitations in the questions he posed to Berglie, including Morrison's need of a cane for walking, his inability to sit or stand in place for more than fifteen minutes at a time, his inability to walk more than 200 feet at a time, the problems he had climbing stairs, and the fact that his ankles often swelled. (Tr. 100-01). We believe, however, that Morrison's obesity should have also been included in the hypothetical questions.

Id. [2] Likewise, the ALJ in this case posed several hypotheticals to Dr. Perry, detailing Miller's alleged functional limitations. (Tr. 71-77). The ALJ first asked Dr. Perry to assume an individual able to perform light work within specified parameters, including lifting, sitting, standing, reaching, climbing, and exposure limitations. (Tr. 71-72). Dr. Perry determined Miller could perform his past work as a bar owner and commercial vehicle inspector with the posed functional limitations. (Tr. 72). The ALJ also posed a hypothetical to Dr. Perry assuming an individual who is able to do sedentary work within certain parameters. (Tr. 74). Dr. Perry again opined that there are jobs in the national economy within the parameters of the hypothetical. (Tr. 75). Finally, the ALJ asked Dr. Perry to consider scenarios addressing absenteeism and the need

---

[2] Although Morrison was decided before the promulgation of SSR 02-1p, its analysis is instructive, stressing the ALJ's obligation to thoroughly examine the combined effects of Miller's obesity and his other severe impairments.

to take unscheduled breaks. (Tr. 76). Dr. Perry essentially stated that there are no jobs that would tolerate those restrictions. (Tr. 76).

At no time did the ALJ ask Dr. Perry to consider Miller's obesity in determining whether other work was available for him. See Morrison, 146 F.3d at 628 ("Given Morrison's history with weight problems and the identification of obesity as a major problem by Morrison's doctor, obesity may have been a legally relevant factor that the expert could have used in determining whether other work was available for Morrison.").

Claimant's treating physician, Dr. Moraleda, opined Miller has multiple medical problems including morbid obesity, stating, "With regards to his severe obstructive sleep apnea and morbid obesity he has been having problems with fatigue and this affects his focus and concentration." (Tr. 479). In May 2007, Dr. Moraleda suggested Miller is a candidate for lap band surgery "especially since he has other multiple comorbid conditions. . . ." (Tr. 382) (emphasis added). Dr. Glen Yoshida addressed Miller's obesity, suggesting he is a candidate for bariatric surgery "to treat his obesity as that is playing a significant role."[3] (Tr. 445) (emphasis added). The ALJ found Miller's obesity to be a severe impairment. Yet the ALJ failed to address Miller's obesity in his analysis whatsoever. Accordingly, the magistrate judge recommends this action be remanded for proper consideration of Miller's obesity.

**Other Alleged Errors**

Because the record fails to show the ALJ considered Miller's morbid obesity in every step of the sequential evaluation, it is not necessary to consider Miller's other claims of error.

---

[3] The record indicates Miller did undergo a laparoscopic gastric bypass on January 21, 2010, one month after the ALJ's decision and prior to the Appeals Council decision. The record of this procedure was submitted to the Appeals Council. (Tr. 593, 597-99).

Proper consideration of Miller's obesity on remand will impact the ALJ's findings on the other issues alleged as error.

## Conclusion

The ALJ failed to properly consider the impact Miller's morbid obesity had on his ability to work. Accordingly, it is **RECOMMENDED** that plaintiff's Motion for Summary Judgment (Doc. #16) be **DENIED**, Motion for Remand be **GRANTED** (Doc. #19), defendant's Motion for Summary Judgment be **DENIED** (Doc. #22)**,** and the matter be **REMANDED** to the Commissioner for further proceedings.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties, within 14 days after being served herewith, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

Dated this 13th day of July, 2011.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge